UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY R. WOODS,

                              Plaintiff,

         v.

SCOTT RUSSELL, DEPARTMENT OF
CORRECTIONS,

                              Defendants.

No. C11-5667 RBL/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Before the Court for review is Plaintiff's civil

rights complaint.   ECF No. 6.  The Court declines to serve the complaint as it is deficient.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint is legally frivolous when it

lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v.

Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A complaint or portion thereof, will be

ORDER TO AMEND OR SHOW CAUSE- 1

dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint, Plaintiff purports to sue Scott Russell, the superintendant of the Washington Correction Center (WCC), where Plaintiff is currently held, and the Washington Department of Corrections (DOC). Plaintiff alleges that he has more than 180 days of good time credit, but is being held beyond his release date of July 12, 2011 because he cannot submit an

address of where he will live after his release to community custody.  ECF No. 6, p. 3.  Plaintiff also claims that the DOC discriminates against inmates on community custody by requiring that community custody inmates submit addresses prior to their release but do not require other inmates to do the same.  *Id.*  Plaintiff asks to be compensated for each day that he is held past his earned release date.  *Id.*

A writ for *habeus corpus*, however, "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997).  This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action."  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).   The Supreme Court has made applicable its holding in *Heck* to the loss of good time credits.  *Edwards v. Balistok*, 520 U.S. 641, 643, 646 (1997) (*quoting Heck*, 512 U.S. at 487) (finding challenge to validity of procedures used to deprive prisoner of his good-time credits not cognizable under § 1983, because it necessarily implied invalidity of deprivation of his good-time credits); see also *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (noting *Heck* applies in circumstances where administrative action taken against prisoner could affect credits toward release based on good time served).  Thus, it is only in those cases where a prisoner's challenge to, for example, the loss of good time credits "threatens no consequence for his conviction or the duration of his sentence," that the requirements of *Heck* do not apply.  *Muhammad*, 540 U.S. at 751.

As noted above, Plaintiff alleges that he is being denied his right to early release from confinement.  He does not claim, nor does he show, that his conviction or sentence already has been invalidated by either court or executive order.  In addition, any judgment in favor of plaintiff necessarily would imply the invalidity of his sentence, as the logical consequence of

such a judgment would be his release from prison.  Accordingly, Plaintiff's claim may be considered only in a petition for writ of *habeas corpus* and should be dismissed with prejudice on this basis alone.

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

Plaintiff also alleges that the DOC treats prisoners who will be released to community custody differently from other prisoners by requiring the community custody prisoners to provide an address prior to their release.  ECF No. 6, p. 3.  This is insufficient to state a claim of discrimination.  In order to state an equal protection claim under 42 U.S.C. § 1983, a plaintiff must show that Defendants acted with intent to discriminate.  *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991).  The discrimination must be "intentional or purposeful."  *Grader v. Lynnwood*, 53 Wash.App. 431, 437, 767 P.2d 952 (1989), *review denied*, 113 Wash.2d 1001, 777 P.2d 1050, cert. denied, 493 U.S. 894, 110 S.Ct. 243, 107 L.Ed.2d 193, *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir.1963).  "This 'discriminatory purpose' must be clearly shown since such a purpose cannot be presumed."  *Grader*, 53 Wash.App. at 437.

Additionally, a plaintiff must show that he was "treated differently ... because [he] belonged to a protected class."  *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir.1995) (citing

ORDER TO AMEND OR SHOW CAUSE- 4

*Divers v. Department of Corrections*, 921 F.2d 191, 193 (8th Cir.1990)). "Indeed, showing that different persons are treated differently is not enough without more, to show a denial of equal protection." *Griffin v. County School Board of Prince Edward Co.*, 377 U.S. 218, 230, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). *See also, McLean v. Crabtree,* 173 F.3d 1176 (9th Cir. 1999) (prisoners with immigration detainers who are excluded from participation in community-based treatment are not a suspect class).

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 21, 2011.** If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

    1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

    2)     the dates on which the conduct of each defendant allegedly took place; and

    3)     the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must include the same case number

ORDER TO AMEND OR SHOW CAUSE- 5

as this case.  Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named Defendant.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 21, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

If Plaintiff decides that he has no claim for violation of his constitutional rights but that the relief he seeks is solely related to the restoration of his good time, then he has the option of filing a writ of habeas corpus.  However, he is reminded that before he may file a 2254 petition for writ of habeas corpus in this Court, he must exhaust his state judicial remedies.

The Clerk is directed to send Plaintiff forms for the filing of a 42 U.S.C. 1983 civil rights complaint and a 2254 petition for writ of habeas corpus.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

DATED this  3rd  day of October, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6