UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY R. WOODS,

      Plaintiff,

 v.

SCOTT RUSSELL and DEPARTMENT OF CORRECTIONS,

      Defendants.

No. C11-5667 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: November 25, 2011**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 5. After reviewing Plaintiff's complaint, however, the Court found it to be deficient and directed Plaintiff to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under 42 U.S.C. § 1983. ECF No. 7. On October 18, 2011, Plaintiff filed a motion to amend his complaint and a proposed complaint. ECF No. 8.[1]

The proposed amended complaint suffers from the same deficiencies as the original. The undersigned recommends that Plaintiff's motion to amend (ECF No. 8) be denied and that this action be dismissed because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

---

[1] The motion and order were returned to Plaintiff because they lacked signatures. Plaintiff returned signed copies of his pleadings to the Court on October 31, 2011.

REPORT AND RECOMMENDATION - 1

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

REPORT AND RECOMMENDATION - 2

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In his original complaint, Plaintiff named Scott Russell, the superintendant of the Washington Correction Center (WCC), where Plaintiff is currently held, and the Washington Department of Corrections (DOC), as defendants. Plaintiff alleged that he has more than 180 days of good time credit, but is being held beyond his release date of July 12, 2011 because he cannot submit an address of where he will live after his release to community custody. ECF No. 6, p. 3. Plaintiff also claimed that the DOC discriminates against inmates on community custody

REPORT AND RECOMMENDATION - 3

by requiring that community custody inmates submit addresses prior to their release but do not require other inmates to do the same. *Id.* Plaintiff asked to be compensated for each day that he is held past his earned release date. *Id.*

The Court advised Plaintiff that a writ for *habeus corpus*, however, "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." ECF No. 7 (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Supreme Court has made applicable its holding in *Heck* to the loss of good time credits. *Edwards v. Balistok*, 520 U.S. 641, 643, 646 (1997) (*quoting Heck*, 512 U.S. at 487) (finding challenge to validity of procedures used to deprive prisoner of his good-time credits not cognizable under § 1983, because it necessarily implied invalidity of deprivation of his good-time credits); see also *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (noting *Heck* applies in circumstances where administrative action taken against prisoner could affect credits toward release based on good time served). Thus, it is only in those cases where a prisoner's challenge to, for example, the loss of good time credits "threatens no consequence for his conviction or the duration of his sentence," that the requirements of *Heck* do not apply. *Muhammad*, 540 U.S. at 751.

As noted above, Plaintiff alleged that he is being denied his right to early release from confinement. He does not claim, nor does he show, that his conviction or sentence already has been invalidated by either court or executive order. In addition, any judgment in his favor would necessarily imply the invalidity of his sentence, as the logical consequence of such a judgment would be his release from prison. Accordingly, the Court advised Plaintiff that his claim could

REPORT AND RECOMMENDATION - 4

be considered only in a petition for writ of *habeas corpus* and should be dismissed with prejudice on this basis alone. ECF No. 7 at 4.

Plaintiff also alleged that the DOC treats prisoners who will be released to community custody differently from other prisoners by requiring the community custody prisoners to provide an address prior to their release. ECF No. 6, p. 3. This is insufficient to state a claim of discrimination. In order to state an equal protection claim under 42 U.S.C. § 1983, a plaintiff must show that Defendants acted with intent to discriminate. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991). The discrimination must be "intentional or purposeful." *Grader v. Lynnwood*, 53 Wash.App. 431, 437, 767 P.2d 952 (1989), *review denied*, 113 Wash.2d 1001, 777 P.2d 1050, cert. denied, 493 U.S. 894, 110 S.Ct. 243, 107 L.Ed.2d 193, *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir.1963). "This 'discriminatory purpose' must be clearly shown since such a purpose cannot be presumed." *Grader*, 53 Wash.App. at 437. Additionally, a plaintiff must show that he was "treated differently ... because [he] belonged to a protected class." *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir.1995) (citing *Divers v. Department of Corrections*, 921 F.2d 191, 193 (8th Cir.1990)). "Indeed, showing that different persons are treated differently is not enough without more, to show a denial of equal protection." *Griffin v. County School Board of Prince Edward Co.*, 377 U.S. 218, 230, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). *See also, McLean v. Crabtree,* 173 F.3d 1176 (9th Cir. 1999) (prisoners with immigration detainers who are excluded from participation in community-based treatment are not a suspect class).

In his motion to amend, Plaintiff requests that "Bernard Warner; Dan Pacholke; Scott Russell; Rob McKenna, and Christine Gregoire" be stricken from his complaint. ECF No. 8. However, of these individuals, Plaintiff named only Scott Russell in his complaint. His proposed

REPORT AND RECOMMENDATION - 5

amended complaint is substantively the same as his original complaint.  In short, Plaintiff requests monetary damages because the Department of Corrections has held him past his earned early release date of June 12, 2011, that having an approved release date was not a condition of his confinement, and that the Department of Corrections is discriminating against him by requiring that he provide an approved address when inmates released from county jails are not subject to the same requirement.  ECF No. 8-1 at 3.  Although he was previously advised that his claim lies in habeas and that he had not sufficiently stated a claim discrimination, Plaintiff has simply restated the claims set forth in his original complaint.

## CONCLUSION

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States.  He was given an opportunity to file an amended complaint and was also advised that if the relief he seeks is solely related to the restoration of his good time, then he has the option of filing a writ of habeas corpus in this Court, assuming that he has exhausted his state judicial remedies.  Plaintiff was warned that if he failed to cure the noted deficiencies of his complaint, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  ECF No. 7 at 6.  In his proposed amended complaint, Plaintiff simply reiterates the deficient claims.

Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.  Accordingly, it is recommended that Plaintiff's motion to amend (ECF No. 8) be **DENIED** and this case **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25, 2011**, as noted in the caption.

**DATED** this  7th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge